# UNITED STATES

v.

**Lamont C. WALTERS, 232 17 5212, Seaman Recruit (E–1), U.S. Navy.**

**NMCM 89 3624.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 8 Sept. 1989.

Decided 15 June 1990.

LCDR Donna M. Crisalli, JAGC, USN, Appellate Defense Counsel.

LT Thomas E. Miro, JAGC, USNR, Appellate Defense Counsel.

LT L. Lynn Jowers, JAGC, USNR, Appellate Government Counsel.

Before McLERAN, Senior Judge, and HILTON and RUBENS, JJ.

PER CURIAM:

Although he pled not guilty, appellant was convicted, *inter alia,* of one specification of assault in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928. One of the witnesses for the prosecution testified under a grant of testimonial immunity from the general court-martial convening authority who took action on the sentence pursuant to Rule for Court–Martial (R.C.M.) 1107(a), Manual for Courts–Martial, United States, 1984. On appeal, appellant contends that because he granted transactional immunity to a prosecution witness, it was improper for the general court-martial convening authority to take the convening authority's action.

In *United States v. Newman,* 14 M.J. 474 (C.M.A.1983), the Court of Military Appeals concluded that "a grant of *testimoni-* al immunity—whether to a government or defense witness—does not affect the impartiality of a convening authority or his right to review the record of trial." (Emphasis added). In *Newman,* the Court decided that it was unnecessary at that time to address the issue of disqualification of a convening authority who had granted transactional immunity to review the record of trial. But the Court also observed with respect to grants of immunity that:

> [T]he key inquiry is whether [the convening authority's] actions before or during the trial create, or appear to create, a risk that he will be unable to evaluate objectively and impartially all the evidence in the record of trial—including the testimony of any witness who has been immunized, granted a sentence reduction, or give other concession.

*Id.* at 482.

 Unlike *Newman,* the present case involves a grant of transactional immunity; nevertheless, the rationale of the Court in that case in resolving the disqualification issue would seem to apply here. In that regard, there is absolutely no indication of an actual or apparent risk that the convening authority would be unable to objectively and impartially evaluate all the evidence in the record of this case and lawfully take his action in accordance with R.C.M. 1107. We therefore find no merit in the position of the defense that because the convening authority granted transactional immunity to a prosecution witness, he is, *per se,* disqualified from taking the convening authority's action on the record.

 There is another basis upon which to find that the appellant is not entitled to relief. The trial defense counsel received a copy of the fleet judge advocate's R.C.M. 1106(a) recommendation to the general court-martial convening authority but did not object to his taking action. Accordingly, any error based on the convening authority's post-trial action in this case was waived.[1]

---

1. *See* R.C.M. 1106(f)(6). In the absence of plain error, failure of defense counsel to comment on

**1292**

The findings of guilty and sentence as approved on review below are affirmed.

matters in the R.C.M. 1106(a) recommendation waives a later claim of error with regard to matters contained therein. *See United States v. Matic,* No. 88 3978 (NMCMR 31 May 1989) (Staff Judge Advocate should remind convening authority that he granted immunity to key prosecution witness, but not error to fail to do so).